# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr99 |
| | § | (Judge Crone) |
| DAVID CHANCE LADOUCEUR | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss Indictment (Dkt. #20). Having considered the relevant pleadings and the applicable law, the Court finds that the Defendant's motion should be denied.

### Background

On May 9, 2012, the Grand Jury issued a one-count indictment in which the Defendant was charged with a violation of Title 18 U.S.C. § 922(g)(8), Possession of a Firearm and Ammunition by a Prohibited Person (Domestic Violence Protective Order). The Office of the Federal Public Defender for the Eastern District of Texas was appointed to represent the Defendant. The Pretrial Order relating to Pretrial Discovery and Inspection was filed, and the order imposed a deadline of June 22, 2012, for notification of a change of plea by the Defendant, and scheduled a Final Pretrial Conference for July 9, 2012. The Court granted Defendant's motion to continue the Final Pretrial Conference, which was reset to September 10, 2012. On August 22, 2012, the Final Pretrial Conference was reset for November 13, 2012.

On August 20, 2012, Defendant filed a motion to dismiss (Dkt. #20). On August 23, 2012, the Government filed a response (Dkt. #25).

It is alleged that on or about August 28, 2010, Defendant possessed a .25 caliber pistol while under a protective order that had been issued in Travis County. The protective order was in effect until December 5, 2010. Defendant's motion is based upon the allegation that Ms. Colorado, the petitioner of the protective order, does not meet the definition of intimate partner, based upon the allegation that she was not the spouse or ex-spouse of Defendant, and they did not have a child

together nor did they ever cohabitate.

Defendant alleges the indictment in this case fails to state an offense; specifically, that the indictment fails to state an offense which the Grand Jury could have found probable cause that Defendant violated as a matter of fact and law. Defendant asserts that Ms. Colorado is not an intimate partner.

18 U.S.C. § 922(g)(8)(b) provides as follows:

> It shall be unlawful for any person -
> who is subject to a court order that -
> restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child.

18 U.S.C. § 922(g)(8)(b).

To prove a violation of 922(g)(8), the Government must prove several elements beyond a reasonable doubt that the defendant knowingly possessed a firearm at a time when he was subject to a qualifying court order and that the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(8). Several procedural protections must be in place for a protective order to be applicable to a § 922(g)(8) restriction, including that the order was issued after a hearing had been scheduled, that the defendant received actual notice of the hearing, and that he had an opportunity to participate in the hearing. The Government must also prove, beyond a reasonable doubt, that the order contains specific contents, including the following: (1) that it restrains the defendant from harassing, stalking, or threatening an intimate partner or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury; and (2) that the order includes a finding that defendant represents a credible threat to the physical safety of such intimate partner or an explicit prohibition on the use or threatened use of physical force against an intimate partner.

For the indictment to state a violation of 18 U.S.C. § 922(g) the petitioner of the protective order must be an intimate partner. 18 U.S.C. 921(a)(32) defines "intimate partner" as . . . "with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitated with the person." Cohabitation is

not defined in that statute.

Defendant asserts that the petitioner, Ms. Colorado, testified at the hearing for the issuance of the protective order, and answered questions regarding the relationship between her and Defendant. Defendant asserts that Ms. Colorado stated that they have not legally lived together, but Defendant would stay overnight at her apartment. She also stated that they dated four months and kept their own separate residences.

Defendant challenges that the indictment is insufficient because it must allege each material element of the offense. Defendant argues that the indictment is missing the essential element of the status of the petitioner of the protective order being an intimate partner. The Government responds that the indictment tracks the language of the statute, and the indictment does assert that the petitioner was an intimate partner of Defendant's. The Court agrees. The indictment alleges as follows:

> On or about August 28, 2010, in Denison, Texas, in the Eastern District of Texas, the defendant, DAVID CHANCE LADOUCEUR, who was subject to a court order issued in the County Court at Law Number 4 of Travis County, Texas, on December 5, 2008 (Cause No. C-1-CV-08-011397), and issued after a hearing of which he received actual notice and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner or restraining him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner, that by its terms explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess in and affecting interstate commerce a firearm, that is, a Colt, "Junior Colt," .25 caliber pistol bearing serial number 29353CC, said firearm having been shipped and transported in interstate commerce, and six rounds of .25 caliber ammunition, said ammunition having been shipped and transported in interstate commerce.

The indictment does allege that petitioner was an intimate partner of Defendant's. The Government also alleges, and the Court agrees, that Defendant's real objection is to the sufficiency of the evidence, which should occur at trial. Defendant's request is premature. The issue of whether petitioner was an intimate partner to Defendant is a factual issue to be determined by the jury. Although Defendant does submit some evidence that may call into question whether petitioner qualifies as an intimate partner of Defendant, the jury should be the ultimate decider of this issue.

The Government argues that Defendant only submits evidence from the underlying state action and that additional facts will be introduced at trial to establish the intimate partner relationship. The Court agrees. The issue of whether petitioner was an intimate partner of Defendant is an element only of the federal case, and not the state court action, and must be proven only in pursuit of conviction under 18 U.S.C. § 922(g)(8).

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that Defendant's Motion to Dismiss Indictment (Dkt. #20) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 5th day of September, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE